# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael D. Pearson, : 
                 Petitioner : 
                 : 
       v. : No. 1373 C.D. 2022
                 : Submitted: November 6, 2023
Pennsylvania Parole Board, : 
                 Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                            FILED: December 22, 2023

Michael D. Pearson (Petitioner) petitions for review of the Pennsylvania Parole Board's (Board) decisions mailed November 18 and November 28, 2022, dismissing his pro se administrative appeals and affirming its prior decisions which recommitted Petitioner as a convicted parole violator (CPV), awarded him credit for time spent at liberty on parole, and recalculated his maximum sentence date. Additionally, Petitioner's appointed counsel, Kent D. Watkins, Esq. (Counsel), filed an Application to Withdraw as Counsel (Application to Withdraw). After careful review, we conclude the Board did not err or abuse its discretion and affirm the Board's decisions. We additionally grant Counsel's Application to Withdraw.

## I. Factual and Procedural History

Petitioner is in the custody of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution (SCI) at Waymart. Certified Record (C.R.)[1] at 65. In 2006, Petitioner pled nolo contendere to two charges of possession with intent to deliver a controlled substance,[2] and the Court of Common Pleas of the 39th Judicial District, Franklin County branch (Common Pleas) sentenced him to an aggregate term of 2 years and 8 months to 10 years of incarceration (the original term). C.R. at 1. The Board paroled Petitioner to a community corrections center in October 2007. *Id.* at 5. In 2008, Petitioner received a technical parole violation for possessing a stun gun, but the Board continued his parole. *Id.* at 6.

In November 2009, police witnessed Petitioner discard a package from his vehicle during a traffic stop. *Id.* at 42. An investigation revealed the package contained "a large amount of cocaine and marijuana." *Id.* Following his arrest by the United States Drug Enforcement Agency, the Board detained Petitioner. *Id.* at 9. On September 29, 2010, the Board recommitted Petitioner to an SCI as a CPV to serve 18 months of backtime[3] on the original term pending the resolution of his federal charges. *Id.* at 10. In March 2017, the Board recalculated Petitioner's original controlling maximum sentence to July 1, 2024. *Id.* at 1, 11, 105. The Board

---

[1] We note the absence of a Reproduced Record here. On January 5, 2023, our Prothonotary granted Petitioner's application for leave to appeal in forma pauperis. *See* Ord. Granting Application for Leave to Appeal in Forma Pauperis, *Pearson v. Pa. Parole Bd.*, (Pa. Cmwlth. No. 1373 C.D. 2022, filed Jan. 5, 2023). Therefore, Petitioner was not required to reproduce the record. *See* Pa.R.A.P. 2151(b).

[2] *See* Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).
35 P.S. § 780–113(a)(30).

[3] Backtime is "part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984); *see* 37 Pa. Code § 61.1.

paroled Petitioner from the original term to a community corrections center in July 2019. *Id.* at 16-31.

On October 4, 2021, the Franklin County Drug Task Force arrested Petitioner on new drug charges.[4] *Id.* at 32, 44-51. The Board issued a warrant the following day to commit and detain Petitioner at the Franklin County jail based on a parole violation. *Id.* at 33. Petitioner did not post bail, and, in March 2022, he pled nolo contendere to two counts of delivering a controlled substance. *Id.* at 39, 52-54. Common Pleas sentenced Petitioner to a term of 11 ½ to 23 months and awarded credit for time served from October 5, 2021 to March 9, 2022 on the *new term*. *Id.* at 34. Petitioner waived his right to a hearing, and the Board subsequently revoked his parole from the original term. *Id.* at 35-41, 55-64.

On May 2, 2022, the Board determined it would recommit Petitioner as a CPV to serve 18 months on the original term pending his completion of the new term (May 2 Decision). *Id.* at 86-87. Petitioner filed identical Administrative Remedies Forms, pro se, on May 17 challenging the May 2 Decision (May 17 Appeals).[5] *Id.* at 92-103. On October 11, 2022, the Board recommitted Petitioner, recalculated his maximum sentence date as June 16, 2025, awarded him a credit of 805 days served in good standing on parole (street time), and found backtime owed on the original term was 1,000 days (October 11 Decision). *Id.* at 88-91, 114-16. By decision mailed November 18, 2022, the Board dismissed the May 17 Appeals and affirmed the May 2 and October 11 Decisions. *Id.* at 109-10.

Petitioner filed another pro se Administrative Remedy Form on November 14, 2022, challenging the October 11 Decision. *Id.* at 114-15. On November 23, 2022,

---

[4] The Franklin County Drug Task Force alleged that between April and May 2022, Petitioner twice delivered crack cocaine to a confidential informant in exchange for currency. C.R. at 38, 40.

[5] Petitioner also sent a letter and administrative remedies form to DOC. *Id.* at 104.

the Board recalculated Petitioner's maximum sentence date as June 17, 2025, credited him 804 days of street time, and found backtime owed on the original term was 1,001 days. *Id.* at 111-12. By decision mailed November 28, 2022, the Board concurrently affirmed and modified the October 11 Decision to reflect its newly calculated maximum date. *Id.* at 113, 117-19.

Petitioner, through Counsel, then filed his Petition for Review with this Court. On appeal, Petitioner contends the Board committed errors of law and abused its administrative discretion by (i) failing altogether to award him credit for the time served exclusively on the Board's warrant, (ii) failing to award him adequate street time credit, and (iii) erroneously recalculating his controlling maximum sentence date. Accordingly, Petitioner requests we reverse the Board's decisions mailed November 18 and November 28, 2022.

In addition, on February 27, 2023, Counsel filed an Application to Withdraw and a *Turner* letter (*Turner* Letter).[6] On September 29, 2023, the Court ordered it would consider the Application to Withdraw along with the merits of the Petition for Review. The Court advised Petitioner he may obtain substitute counsel or file a brief on his own behalf. Petitioner did not file an appellate brief, and no counsel has entered an appearance on his behalf.

## II. *Turner* Letter and Application to Withdraw

As an initial matter, we shall address Counsel's *Turner* Letter and Application to Withdraw. Where a petitioner seeks our review of a Board determination, has no constitutional right to counsel, and counsel finds the petitioner's case lacks merit, the Court will allow counsel to withdraw if we conclude the issues raised by the

---

[6] We use the term "*Turner* letter" to refer to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), which "set[s] forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions."

petitioner are meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Turner*, 544 A.2d at 928-29). Appointed counsel must submit a *Turner* letter "detailing the nature and extent of his review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless" to properly withdraw. *Turner*, 544 A.2d at 928. We shall conduct an independent review of the issues raised and if counsel satisfies the technical requirements of *Turner*, we may grant leave to withdraw. *Hont v. Pa. Bd. of Prob. and Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, we hold Counsel's letter satisfies *Turner*'s requirements. Counsel's specific letter recites the relevant factual and procedural history and explains that his assessment was based on "an exhaustive examination of the record" as well as "research of applicable case law." *Turner* Letter at 2, 10. He also notes the issues Petitioner raised in his Petition for Review and concludes that, after Counsel's review of the record and applicable law, "[Petitioner's] appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous." *Id.* at 10-11. Counsel provided a copy of the *Turner* Letter to Petitioner informing him of his right to retain new counsel and his right to file a pro se brief with this Court. *Id.* at 11. Because Counsel satisfied *Turner*'s technical requirements for withdrawal, we next review the merits of the Petition for Review.

## III. Discussion

This Court reviews a decision of the Board denying a parolee's request for administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, whether the Board committed an error of law, and whether the Board violated a parolee's constitutional rights. *See McNally v. Pa. Bd. of Prob. and Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008); 2 Pa.C.S. § 704. When presented

with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *See Pittman v. Pa. Bd. of Prob. and Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, because we reassess the record with a fresh pair of eyes and do not defer to the Board's prior conclusions about the law in question, "[t]he reviewing body is in effect substituted for the prior decision maker and redecides the case." *Rebert v. Rebert*, 757 A.2d 981, 984 (Pa. Super. 2000). Where the law grants the Board discretion, we also review for an abuse of that discretion. *See Pittman*, 159 A.3d at 474. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Pittman*, 159 A.3d at 474 (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

First, we address Petitioner's argument that the Board failed to award him credit for the time he served exclusively on the Board's October 5, 2021 warrant to commit and detain. "Where a parolee arrested on new criminal charges **fails to post bail** on those charges[,] any time spent in custody **prior** to sentencing on those charges is properly credited against the parolee's **new sentence**." *Woodard v. Pa. Bd. of Prob. and Parole*, 582 A.2d 1144, 1147 (Pa Cmwlth. 1990) (citing *Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568 (Pa. 1980)) (emphasis added). Here, the Franklin County Drug Task Force arrested Petitioner on October 4, 2021, and the Board issued a warrant to detain him the following day. Petitioner *did not* post bail, and he remained incarcerated at the Franklin County jail until Common Pleas sentenced him on March 9, 2022. Common Pleas credited Petitioner for the time served between October 5, 2021, and March 9, 2022, a total of 155 days, on the new term. C.R. at 34, 64.

6

Next, we address Petitioner's argument that the Board failed to award him adequate street time credit. The Board released Petitioner on parole from the original term on July 23, 2019. Where the Board later determines to recommit a parolee as a CPV, as it did here, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." Subsection 6138(a)(2) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2). Nonetheless, Paragraph 2.1 of Subsection 6138(a) establishes the Board "may, **in its discretion**, award credit to an offender recommitted under [Subsection 6138(a)(2)] for the time spent at liberty on parole . . . ." 61 Pa.C.S. § 6138(a)(2.1) (emphasis added). When the Board paroled Petitioner in July 2019, 1,805 days remained on the original term. *See* C.R. at 117. Petitioner received street time credit of 804 days on the original term (July 23, 2019 through October 4, 2021). *See id.* at 111-12. This means Petitioner's backtime owed was 1,001 days (1,805 minus 804 equals 1,001). Petitioner did not receive an additional credit of 155 days on the original term because he was unable to satisfy the requirements for bail, and that time was thus credited to the new term instead. Therefore, the Board properly exercised its discretion in awarding Petitioner an 804-day credit on the original term.

With respect to his challenge[7] of the Board's recalculation of his maximum sentence date, Petitioner contends that, "[i]f my max date hadn't been changed illegally, I wouldn't have been on parole since 2016. I am being detained for mistakes made by the parole board." *Id.* at 106-07. Section 73.1(a)(1) of Title 37 makes clear that a parolee must appeal a revocation decision by the Board within 30

---

[7] "This Court has recognized that a recommitment order and a recomputation order are separate appealable orders[.]" *Wright v. Pa. Bd. of Prob. and Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) (citing *Woodard v. Pa. Bd. of Prob. and Parole*, 582 A.2d 1144 (Pa. Cmwlth. 1990)).

7

days of the mailing date; an appeal made "out of time" will not be considered. 37 Pa. Code § 73.1(a)(1). By action dated March 17, 2017, the Board revoked Petitioner's parole and recalculated his maximum sentence date from May 25, 2016, to July 1, 2024. *See* C.R. at 11. As a result, Petitioner's right to appeal from the Board's March 17 decision lapsed, and we cannot now consider Petitioner's argument that the Board "incorrectly recalculated [his *original*] maximum sentence date." Petition for Review ¶ 8.

Although we cannot consider the original recalculation of Petitioner's maximum date, we will address the Board's most recent recalculations. Following his arrest in October 2021, the Board recommitted Petitioner as a CPV and recalculated his maximum sentence date as June 16, 2025. *See* C.R. at 86, 88-89. On November 23, 2022, the Board again recalculated Petitioner's maximum sentence date, now June 17, 2025, and issued a final adjudication as to this issue. *See id.* at 111-12. Our Supreme Court has determined that "the Board's exercise of its discretion, within the reasonable parameters reflected by the establishment of the presumptive range, **must be upheld**" unless there are "some special circumstances which would justify a reconsideration of" the Board's discretion. *Smith v. Pa. Bd. of Prob. and Parole*, 574 A.2d 558, 561 (Pa. 1990) (emphasis added). Here, the maximum aggregate range of Petitioner's new offenses was 48 months. *See* 37 Pa. Code §§ 75.1-75.2; C.R. at 110. We observe no special circumstances warranting reconsideration of the Board's administrative discretion, and the Board's assigned 18-month term is within the permissible maximum range. For the reasons set forth above, we hold the Board's recalculation of Petitioner's maximum sentence date is correct and accurately set forth in its decision mailed November 28, 2022. *See* C.R. at 117-19.

8

**IV. Conclusion**

Based on the foregoing, we conclude Counsel fulfilled *Turner*'s requirements to withdraw from representation and grant the Application to Withdraw. We further determine the Board did not commit an error of law or abuse its discretion in reaching its decisions mailed November 18 and November 28, 2022, and we affirm both.

_____
STACY WALLACE, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael D. Pearson,               :
                Petitioner   :
                           :
         v.                   : No. 1373 C.D. 2022
                           :
Pennsylvania Parole Board,     :
               Respondent  :

## **O R D E R**

**AND NOW**, this 22nd day of December 2023, the February 27, 2023 Application to Withdraw as Counsel filed by Kent. D. Watkins, Esq. is **GRANTED**, and the decisions of the Pennsylvania Parole Board mailed November 18 and November 28, 2022, are **AFFIRMED**.

 

_____
STACY WALLACE, Judge